**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By: John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@AtkinFirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 72.76.169.60, <br><br> Defendant. | Case No.  3:23-cv-20620-RK-JBD <br><br> **[PROPOSED] ORDER** |

**THIS MATTER** having been opened to the Court by John C. Atkin, Esq., on behalf of Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), on a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 5]; it appearing that Defendant John Doe subscriber assigned IP address 72.76.169.60 ("Doe") has not yet been served in this matter; the Court having considered Plaintiff's written submissions in connection with the motion pursuant to Federal Rule of Civil Procedure 78, and for good cause shown,

**IT IS** on this _____ day of _____, 202__,

**ORDERED** that Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 5] is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff may serve Doe's Internet Service Provider ("ISP") with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Doe to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint [ECF No. 1-1];

**IT IS FURTHER ORDERED** that Plaintiff shall attach a copy of this Order to any ISP subpoena served in this matter;

**IT IS FURTHER ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Doe;

**IT IS FURTHER ORDERED** that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A)    who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B)    who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such

2

disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order (and all attachments) to Doe;

**IT IS FURTHER ORDERED** that upon receipt of Plaintiff's subpoena the ISP shall have thirty (30) days to provide Doe with a copy of this Order and Plaintiff's subpoena. Upon receipt of the subpoena and this Order, Doe shall have thirty (30) days in which to file a motion to quash, move for a protective order, or seek other applicable relief. If Doe chooses to contest the subpoena, he/she must notify the ISP of his/her intent so the ISP is on notice not to release personal information to Plaintiff until the issue is resolved by the Court;

**IT IS FURTHER ORDERED** that if Doe does not contest the subpoena within thirty (30) days of receipt of the subpoena and this Order, the ISP shall provide Plaintiff with the requested information within twenty-one (21) days;

**IT IS FURTHER ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint [ECF No. 1] and any Amended Complaint in this matter;

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with Doe (or any person associated with defendant or the IP address), unless (1) that party is represented by counsel and (2) their counsel initiates settlement discussions. On request of Plaintiff

or an unrepresented party, submitted to the Court at any time, settlement shall be conducted under supervision of the Court.  This paragraph shall not prevent Plaintiff from responding to a request for settlement communications from a represented party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel;

**IT IS FURTHER ORDERED** that after a defendant is served with process (or waives service of process), the parties shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to the Court of (1) a proposed Discovery Confidentiality Order ("DCO") and (2) a proposed Electronically Stored Information ("ESI") Protocol, *see* L. Civ. R. 26.1(d);

**IT IS FURTHER ORDERED** that, for good cause, the Court reserves the right to amend or supplement this Order.

_____
HON. J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE